# ATTACHMENT 1

FILED
2022 OCT 26 03:26 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-17671-7 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NOEL WOODARD, individually, and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>BOEING EMPLOYEES' CREDIT UNION and KAYE-SMITH ENTERPRISES, INC., and DOES 1 through 100 inclusive,<br><br>                              Defendants. | Case No. .<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**<br><br>1. **NEGLIGENCE;**<br>2. **BREACH OF IMPLIED CONTRACT;**<br>3. **CONSUMER PROTECTION ACT;**<br>4. **UNJUST ENRICHMENT**<br><br>**[JURY TRIAL DEMANDED]** |

Representative Plaintiff alleges as follows:

## INTRODUCTION

1.      Representative Plaintiff Noel Woodard ("Representative Plaintiff") brings this class action against Defendant Boeing Employees' Credit Union ("BECU") and Defendant Kaye-Smith Enterprises, Inc. ("Kaye-Smith") (collectively "Defendants") for their failure to properly secure and safeguard Class Members' personally identifiable information stored within Defendants' information network, including, without limitation, name, address, account number(s), credit score, and Social Security number (these types of information, *inter alia*, being thereafter referred to as "personally identifiable information" or "PII").[1]

---

[1]  Personally identifiable information ("PII") generally incorporates information that can be used to  distinguish or trace an individual's identity, either alone or when combined with other personal or  identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

2.      With this action, Representative Plaintiff seeks to hold Defendants responsible for the harm it caused and will continue to cause Representative Plaintiff and other similarly situated persons in the preventable cyberattack purportedly discovered by Defendants on June 6, 2022, by which cybercriminals infiltrated Defendants' inadequately protected network servers and accessed highly sensitive PII and financial information belonging to both adults and children, which was being kept unprotected (the "Data Breach").

3.      Representative Plaintiff further seeks to hold Defendants responsible for not ensuring that the PII was maintained in a manner consistent with industry and other relevant standards.

4.      While Defendants claim to have discovered the breach as early as June 6, 2022, Defendants did not begin informing victims of the Data Breach until July 2022, and failed to inform victims when or for how long the Data Breach occurred. Indeed, Representative Plaintiff and Class Members were wholly unaware of the Data Breach until they received letters from Defendants informing them of it. The notice received by Representative Plaintiff was dated on July 25, 2022.

5.      Defendants acquired, collected and stored Representative Plaintiff's and Class Members' PII and/or financial information. Therefore, at all relevant times, Defendants knew, or should have known, that Representative Plaintiff and Class Members would use Defendants' services to store and/or share sensitive data, including highly confidential PII.

6.      By obtaining, collecting, using, and deriving a benefit from Representative Plaintiff's and Class Members' PII, Defendants assumed legal and equitable duties to those individuals. These duties arise from state and federal statutes and regulations as well as common law principles.

7.      Defendants disregarded the rights of Representative Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and

_____

that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on its face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  reasonable measures to ensure that Representative Plaintiff's and Class Members' PII was

2  safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and

3  failing to follow applicable, required and appropriate protocols, policies and procedures regarding

4  the encryption of data, even for internal use. As a result, the PII of Representative Plaintiff and

5  Class Members was compromised through disclosure to an unknown and unauthorized third

6  party—an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding

7  Representative Plaintiff and Class Members in the future. Representative Plaintiff and Class

8  Members have a continuing interest in ensuring that their information is and remains safe, and they

9  are entitled to injunctive and other equitable relief.

10

11                              **JURISDICTION AND VENUE**

12        8.      This Court has jurisdiction over Representative Plaintiff's and Class Members'

13  claims for damages and injunctive relief pursuant to, *inter alia*, Washington's Consumer

14  Protection Act, RCW 19.86.010, *et seq.*, among other Washington state statues.

15        9.      Venue as to Defendants is proper in this judicial district pursuant to Washington

16  Civil Rule 82. Defendants are headquartered in, operated in, and employed numerous Class

17  Members within this County and transact business, have agents, and are otherwise within this

18  Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have had

19  a direct effect on Representative Plaintiff and those similarly situated within the State of

20  Washington and within this County.

21

22                                  **PLAINTIFF(S)**

23        10.     Representative Plaintiff is an adult individual and, at all relevant times herein, a

24  resident and citizen of this state. Representative Plaintiff is a victim of the Data Breach.

25        11.     Defendants received highly sensitive personal and financial information from

26  Representative Plaintiff in connection with the banking services she/he/they had received or

27  requested. As a result, Representative Plaintiff's information was among the data accessed by an

28  unauthorized third-party in the Data Breach.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

12.     Representative Plaintiff received—and was a "consumer" for purposes of obtaining services from Defendants within this state.

13.     At all times herein relevant, Representative Plaintiff is and was members of each of the Classes.

14.     As required in order to obtain services from Defendant, Representative Plaintiff provided Defendants with highly sensitive personal and financial information.

15.     Representative Plaintiff's PII was exposed in the Data Breach because Defendants stored and/or shared Representative Plaintiff's PII and financial information. Her PII and financial information was within the possession and control of Defendants at the time of the Data Breach.

16.     Representative Plaintiff received a letter from Defendant, dated on or about July 25, 2022, stating that her PII and/or financial information was involved in the Data Breach (the "Notice").

17.     As a result, Representative Plaintiff spent time dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring her accounts and seeking legal counsel regarding her options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

18.     Representative Plaintiff suffered actual injury in the form of damages to and diminution in the value of her PII—a form of intangible property that she entrusted to Defendant, which was compromised in and as a result of the Data Breach.

19.     Representative Plaintiff suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using, and selling her PII and/or financial information.

20.     Representative Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from her PII and financial information, in combination with her name, being placed in the hands of unauthorized third-parties/criminals.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    21.    Representative Plaintiff has a continuing interest in ensuring that her PII and

2    financial information, which, upon information and belief, remains backed up in Defendants'

3    possession, is protected and safeguarded from future breaches.

4

5    **DEFENDANTS**

6    22.    Defendant BECU is a credit union that serves customers with banking services[2]

7    with its principal place of business at 12770 Gateway Drive S., Tukwila, WA 98168.

8    23.    Defendant Kaye-Smith is a marketing execution and supply chain company,

9    serving corporate clients,[3] including BECU, with its principal place of business at 4810 N Lagoon

10   Ave, Suite 300, Portland, Oregon 97217. Kaye-Smith conducts business out of Renton,

11   Washington.

12   24.    Representative Plaintiff is informed and believes and, based thereon, alleges that,

13   at all times herein relevant, Defendants (including the Doe defendants) did business within the

14   State of Washington providing banking and marketing and/or supply chain services.

15   25.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all

16   relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or

17   each of the remaining defendants.

18   26.    Representative Plaintiff is unaware of the true names and capacities of those

19   defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by

20   such fictitious names. Representative Plaintiff will seek leave of court to amend this Complaint

21   when such names are ascertained. Representative Plaintiff is informed and believes and, on that

22   basis, alleges that each of the fictitiously-named defendants were responsible in some manner for,

23   gave consent to, ratified, and/or authorized the conduct herein alleged and that the damages, as

24   herein alleged, were proximately caused thereby.

25   27.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at

26   all relevant times herein mentioned, each of the defendants was the agent and/or employee of each

27

28   [2] https://www.becu.org (last accessed October 19, 2022)
     [3] https://kayesmith.com (last accessed October 19, 2022)

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   of the remaining defendants and, in doing the acts herein alleged, was acting within the course and

2   scope of such agency and/or employment.

3

4                          **CLASS ACTION ALLEGATIONS**

5          28.     Representative Plaintiff brings this action individually and on behalf of all persons

6   similarly situated and proximately damaged by Defendants' conduct including, but not necessarily

7   limited to, the following Plaintiff Class:

8              "All individuals within the State of Washington whose PII and/or financial
               information was exposed to unauthorized third-parties as a result of the data
9              breach referenced in BECU's letter to Plaintiff Woodard dated July 25,
               2022."
10

11         29.     Excluded from the Classes are the following individuals and/or entities: Defendants

12  and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which

13  Defendants have a controlling interest; all individuals who make a timely election to be excluded

14  from this proceeding using the correct protocol for opting out; any and all federal, state or local

15  governments, including but not limited to its departments, agencies, divisions, bureaus, boards,

16  sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this

17  litigation, as well as its immediate family members.

18         30.     Also, in the alternative, Representative Plaintiff requests additional Subclasses as

19  necessary based on the types of PII that were compromised.

20         31.     Representative Plaintiff reserves the right to amend the above definition or to

21  propose subclasses in subsequent pleadings and motions for class certification.

22         32.     This action has been brought and may properly be maintained as a class action

23  under Washington Civil Rule 23 because there is a well-defined community of interest in the

24  litigation and the proposed class is easily ascertainable.

25             a.   Numerosity: A class action is the only available method for the fair and
                    efficient adjudication of this controversy. The members of the Plaintiff
26                  Class are so numerous that joinder of all members is impractical, if not
                    impossible. Representative Plaintiff is informed and believes and, on that
27                  basis, alleges that the total number of Class Members is in the thousands of
                    individuals. Membership in the Class will be determined by analysis of
28                  Defendants' records.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

b.  <u>Commonality</u>: Representative Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)  Whether Defendants engaged in the wrongful conduct alleged herein;

2)  Whether Defendants had a legal duty to Representative Plaintiff and Class Members to exercise due care in collecting, storing, using, and/or safeguarding their PII and financial information;

3)  Whether Defendants knew or should have known of the susceptibility of Defendants' data security systems to a data breach;

4)  Whether Defendants' security procedures and practices to protect their systems were reasonable in light of the measures recommended by data security experts;

5)  Whether Defendants' failure to implement adequate data security measures, including the sharing of Representative Plaintiff's and Class Members' PII and financial information allowed the Data Breach to occur and/or worsened its effects;

6)  Whether Defendants failed to comply with their own policies and applicable laws, regulations, and industry standards relating to data security;

7)  Whether Defendants adequately, promptly, and accurately informed Representative Plaintiff and Class Members that their PII and financial information had been compromised;

8)  How and when Defendants actually learned of the Data Breach;

9)  Whether Defendants failed to adequately respond to the Data Breach, including failing to investigate it diligently and notify affected individuals in the most expedient time possible and without unreasonable delay, and whether this caused damages to Representative Plaintiff and Class Members;

10) Whether Defendants' conduct, including their failure to act, resulted in or was the proximate cause of the breach of these systems, resulting in the loss of the PII and financial information of Representative Plaintiff and Class Members;

11) Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

12) Whether Defendants' conduct, including their failure to act, resulted in or was the proximate cause of the Data Breach and/or damages flowing therefrom;

13) Whether Defendants' actions alleged herein constitute gross negligence and whether the negligence/recklessness of any one or more individual(s) can be imputed to Defendants;

14) Whether Defendants engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII and financial information of Representative Plaintiff and Class Members;

15) Whether Representative Plaintiff and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective, and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendants' wrongful conduct and, if so, what is necessary to redress the imminent and currently ongoing harm faced by Representative Plaintiff, Class Members, and the general public;

16) Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendants' wrongful conduct;

17) Whether Defendants continue to breach duties to Representative Plaintiff and Class Members.

c.   Typicality: Representative Plaintiff's claims are typical of the claims of the Plaintiff Class. Representative Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein. The same event and conduct that gave rise to Representative Plaintiff's claims are identical to those that give rise to the claims of every Class Member because Representative Plaintiff and each Class Member who had his/her sensitive PII and/or financial information compromised in the same way by the same conduct of Defendants. Representative Plaintiff and all Class Members face the identical threats resulting from the breach of his/her PII and/or financial information without the protection of encryption and adequate monitoring of user behavior and activity necessary to identity those threats.

d.   Adequacy of Representation: Representative Plaintiff is an adequate representative of the Plaintiff Class in that Representative Plaintiff has the same interest in the litigation of this case as the remaining Class Members, is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the class in its entirety. Representative Plaintiff anticipates no management difficulties in this litigation. Representative Plaintiff and proposed class counsel will fairly and adequately protect the interests of all Class Members.

Superiority of Class Action: The damages suffered by individual Class Members, are significant, but may be small relative to the enormous expense of individual litigation by each member. This makes or may make it impractical for members of the Plaintiff Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

to seek redress individually for the wrongful conduct alleged herein. Even if Class Members could afford such individual litigation, the court system could not. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

33.    Class certification is proper because the questions raised by this Complaint are of common or general interest affecting numerous persons, such that it is impracticable to bring all Class Members before the Court.

34.    This class action is also appropriate for certification because Defendants have acted and/or have refused to act on grounds generally applicable to the Class(es), thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward Class Members and making final injunctive relief appropriate with respect to the Class(es) in their entireties. Defendants' policies/practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies/practices and conduct hinges on Defendants' conduct with respect to the Classes in their entireties, not on facts or law applicable only to the Representative Plaintiff.

35.    Unless a Class-wide injunction is issued, Defendants' violations may continue, and Defendants may continue to act unlawfully as set forth in this Complaint.

## COMMON FACTUAL ALLEGATIONS

### The Cyberattack

36.    In the course of the Data Breach, one or more unauthorized third-parties accessed Class Members' sensitive data including, but not limited to, name, address, account number(s),

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   credit score, and Social Security number. Representative Plaintiff was among the individuals

2   whose data was accessed in the Data Breach.

3       37.     Representative Plaintiff was provided the information detailed above upon her

4   receipt of a letter from Defendant, dated on or about July 25, 2022. Representative Plaintiff was

5   not aware of the Data Breach—or even that Defendants were still in possession of her data until

6   receiving that letter.

7

8   **Defendants' Failed Response to the Breach**

9       38.     Upon information and belief, the unauthorized third-party cybercriminals gained

10  access to Representative Plaintiff's and Class Members' PII and financial information with the

11  intent of engaging in misuse of the PII and financial information, including marketing and selling

12  Representative Plaintiff's and Class Members' PII.

13      39.     Not until roughly two months after they claim to have discovered the Data Breach

14  did Defendants begin sending the Notice to persons whose PII and/or financial information

15  Defendants confirmed was potentially compromised as a result of the Data Breach. The Notice

16  provided basic details of the Data Breach and Defendant's recommended next steps.

17      40.     The Notice included, *inter alia*, allegations that Defendants had learned of the Data

18  Breach on June 6, 2022 and had taken steps to respond, and yet, the Notice lacked sufficient

19  information as to how the breach occurred, what safeguards have been taken since then to

20  safeguard further attacks, where the information hacked may be today, etc.

21      41.     Upon information and belief, the unauthorized third-party cybercriminals gained

22  access to Representative Plaintiff's and Class Members' PII and financial information with the

23  intent of engaging in misuse of the PII and financial information, including marketing and selling

24  Representative Plaintiff's and Class Members' PII.

25      42.     Defendants have and continue to have obligations created by applicable federal and

26  state law as set forth herein, reasonable industry standards, common law, and their own assurances

27  and representations to keep Representative Plaintiff's and Class Members' PII confidential and to

28  protect such PII from unauthorized access.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

43.    Representative Plaintiff and Class Members were required to provide their PII and financial information to Defendants in order to receive banking services, and as part of providing banking services, Defendants created, collected, and stored Representative Plaintiff's and Class Members' PII, with the reasonable expectation and mutual understanding that Defendants would comply with their obligations to keep such information confidential and secure from unauthorized access.

44.    Despite this, Representative Plaintiff and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used, and what steps are being taken, if any, to secure their PII and financial information going forward. Representative Plaintiff and Class Members are, thus, left to speculate as to where their PII ended up, who has used it and for what potentially nefarious purposes. Indeed, they are left to further speculate as to the full impact of the Data Breach and how exactly Defendants intend to enhance their information security systems and monitoring capabilities so as to prevent further breaches.

45.    Representative Plaintiff's and Class Members' PII and financial information may end up for sale on the dark web, or simply fall into the hands of companies that will use the detailed PII and financial information for targeted marketing without the approval of Representative Plaintiff and/or Class Members. Either way, unauthorized individuals can now easily access the PII and/or financial information of Representative Plaintiff and Class Members.

**Defendants Collected/Stored Class Members' PII and Financial Information**

46.    Representative Plaintiff and Class Members are members/customers of BECU. Kaye-Smith is a third-party vendor who provides printing services to BECU.

47.    Defendants acquired, collected, and stored and assured reasonable security over Representative Plaintiff's and Class Members' PII and financial information.

48.    As a condition of their relationship with Representative Plaintiff and Class Members, BECU required that Representative Plaintiff and Class Members entrust BECU with highly sensitive and confidential PII and financial information. BECU, in turn, stored that information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

49.     As a condition of BECU and Kaye-Smith's relationship, BECU provided Representative Plaintiff's and Class Members' PII and financial information to Kaye-Smith. Kaye-Smith, in turn, stored that information on its' system that was ultimately affected by the Data Breach.

50.     By obtaining, collecting, and storing Representative Plaintiff's and Class Members' PII and financial information, Defendants assumed legal and equitable duties and knew or should have known that they were thereafter responsible for protecting Representative Plaintiff's and Class Members' PII and financial information from unauthorized disclosure.

51.     It was negligent of BECU to provide Representative Plaintiff's and Class Members' PII and financial information to a third-party who lacked adequate security systems.

52.     Representative Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PII and financial information. Representative Plaintiff and Class Members relied on Defendants to keep their PII and financial information confidential and securely maintained, to use this information for business and healthcare purposes only, and to make only authorized disclosures of this information.

53.     Defendants could have prevented the Data Breach, which began as early as June 6, 2022, by properly securing and encrypting and/or more securely encrypting their servers generally, as well as Representative Plaintiff's and Class Members' PII and financial information.

54.     Defendants' negligence in safeguarding Representative Plaintiff's and Class Members' PII and financial information is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

55.     Due to the high-profile nature of these breaches, and other breaches of its kind, Defendants was and/or certainly should have been on notice and aware of such attacks occurring and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendants are large, sophisticated operations with the resources to put adequate data security protocols in place.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

56.     Yet, despite the prevalence of public announcements of data breach and data security compromises, Defendants failed to take appropriate steps to protect Representative Plaintiff's and Class Members' PII and financial information from being compromised.

**Defendants Had an Obligation to Protect the Stolen Information**

57.     Defendants' failure to adequately secure Representative Plaintiff's and Class Members' sensitive data breaches duties it owes Representative Plaintiff and Class Members under statutory and common law. Representative Plaintiff and Class Members surrendered their highly sensitive personal data to Defendants under the implied condition that Defendants would keep it private and secure. Accordingly, Defendants also had an implied duty to safeguard their data, independent of any statute.

58.     Defendants were also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

59.     In addition to its obligations under federal and state laws, Defendants owed a duty to Representative Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII and financial information in Defendants' possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendants owed a duty to Representative Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that their computer systems, networks, and protocols adequately protected the PII and financial information of Representative Plaintiff and Class Members.

60.     Defendants owed a duty to Representative Plaintiff and Class Members to design, maintain, and test their computer systems, servers, and networks to ensure that the PII and financial information in their possession was adequately secured and protected.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

61.     Defendants owed a duty to Representative Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect the PII and financial information in their possession, including not sharing information with other/her/their entities who maintained sub-standard data security systems.

62.     Defendants owed a duty to Representative Plaintiff and Class Members to implement processes that would immediately detect a breach on their data security systems in a timely manner.

63.     Defendants owed a duty to Representative Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

64.     Defendants owed a duty to Representative Plaintiff and Class Members to disclose if their computer systems and data security practices were inadequate to safeguard individuals' PII and/or financial information from theft because such an inadequacy would be a material fact in the decision to entrust this PII and/or financial information to Defendants.

65.     Defendants owed a duty of care to Representative Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

66.     Defendants owed a duty to Representative Plaintiff and Class Members to encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PII and financial information and monitor user behavior and activity in order to identity possible threats.

**Value of the Relevant Sensitive Information**

67.     PII and financial information are valuable commodities for which a "cyber black market" exists in which criminals openly post stolen payment card numbers, Social Security numbers, and other personal information on a number of underground internet websites.

68.     The high value of PII and financial information to criminals is further evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

$200, and bank details have a price range of $50 to $200.[4] Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[5] Criminals can also purchase access to entire company data breaches from $999 to $4,995.[6]

69.    These criminal activities have and will result in devastating financial and personal losses to Representative Plaintiff and Class Members. For example, it is believed that certain PII compromised in the 2017 Experian data breach was being used, three years later, by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiff and Class Members for the rest of their lives. They will need to remain constantly vigilant.

70.    The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

71.    Identity thieves can use PII and financial information, such as that of Representative Plaintiff and Class Members which Defendants failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

---

[4]    *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed July 28, 2021).
[5]    *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed November 5, 2021).
[6]    *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed January 21, 2022).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

72.     The ramifications of Defendants' failure to keep secure Representative Plaintiff's and Class Members' PII and financial information are long lasting and severe. Once PII and financial information is stolen, particularly identification numbers, fraudulent use of that information and damage to victims may continue for years. Indeed, the PII and/or financial information of Representative Plaintiff and Class Members was taken by hackers to engage in identity theft or to sell it to other criminals who will purchase the PII and/or financial information for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

73.     There may be a time lag between when harm occurs versus when it is discovered, and also between when PII and/or financial information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[7]

74.     When cyber criminals access financial information and other personally sensitive data—as they did here—there is no limit to the amount of fraud to which Defendants may have exposed Representative Plaintiff and Class Members.

75.     And data breaches are preventable.[8] As Lucy Thompson wrote in the DATA BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[9] She/he/they added that "[o]rganizations that collect, use, store, and share sensitive personal data must accept responsibility for protecting the information and ensuring that it is not compromised . . . ."[10]

---

[7]     *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last accessed January 21, 2022).
[8]     Lucy L. Thompson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)
[9]     *Id.* at 17.
[10]     *Id.* at 28.

76. Most of the reported data breaches are a result of lax security and the failure to create or enforce appropriate security policies, rules, and procedures … Appropriate information security controls, including encryption, must be implemented and enforced in a rigorous and disciplined manner so that a *data breach never occurs*."[11]

77. Here, Defendants knew of the importance of safeguarding PII and financial information and of the foreseeable consequences that would occur if Representative Plaintiff's and Class Members' PII and financial information was stolen, including the significant costs that would be placed on Representative Plaintiff and Class Members as a result of a breach of this magnitude. As detailed above, Defendants are large, sophisticated organizations with the resources to deploy robust cybersecurity protocols. They knew, or should have known, that the development and use of such protocols were necessary to fulfill their statutory and common law duties to Representative Plaintiff and Class Members. Their failure to do so is, therefore, intentional, willful, reckless and/or grossly negligent.

78. Defendants disregarded the rights of Representative Plaintiff and Class Members by, *inter alia*, (i) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that their network servers were protected against unauthorized intrusions; (ii) failing to disclose that they did not have adequately robust security protocols and training practices in place to adequately safeguard Representative Plaintiff's and Class Members' PII and/or financial information; (iii) failing to take standard and reasonably available steps to prevent the Data Breach; (iv) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (v) failing to provide Representative Plaintiff(s) and Class Members prompt and accurate notice of the Data Breach.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL (510) 891-9800

[11] *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**FIRST CAUSE OF ACTION**
**Negligence**

79.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

80.    At all times herein relevant, Defendants owed Representative Plaintiff and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PII and financial information and to use commercially reasonable methods to do so. Defendants took on this obligation upon accepting and storing the PII and financial information of Representative Plaintiff and Class Members in their computer systems and on their networks.

81.    Among these duties, Defendants were expected:

a.    to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PII and financial information in their possession;

b.    to protect Representative Plaintiff's and Class Members' PII and financial information using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

c.    to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

d.    to promptly notify Representative Plaintiff and Class Members of any data breach, security incident, or intrusion that affected or may have affected their PII and financial information.

82.    Defendants knew, or should have known, that the PII and financial information was private and confidential and should be protected as private and confidential and, thus, Defendants owed a duty of care not to subject Representative Plaintiff and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

83.    Defendants knew, or should have known, of the risks inherent in collecting and storing PII and financial information, the vulnerabilities of their data security systems, and the importance of adequate security. Defendants knew about numerous, well-publicized data breaches.

84.    Defendants knew, or should have known, that their data systems and networks did not adequately safeguard Representative Plaintiff's and Class Members' PII and financial information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

85.     Only Defendants were in the position to ensure that their systems and protocols were sufficient to protect the PII and financial information Representative Plaintiff and Class Members had entrusted to it.

86.     Defendants breached their duties to Representative Plaintiff and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PII and financial information of Representative Plaintiff and Class Members.

87.     Because Defendants knew that a breach of their systems could damage thousands of individuals, including Representative Plaintiff and Class Members, Defendants had a duty to adequately protect their data systems and the PII and financial information contained thereon.

88.     Representative Plaintiff's and Class Members' willingness to entrust Defendants with their PII and financial information was predicated on the understanding that Defendants would take adequate security precautions. Moreover, only Defendants had the ability to protect their systems and the PII and financial information they stored on them from attack. Thus, Defendants had a special relationship with Representative Plaintiff and Class Members.

89.     Defendants also had independent duties under state and federal laws that required Defendants to reasonably safeguard Representative Plaintiff's and Class Members' PII and financial information and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendants and Representative Plaintiff and/or the remaining Class Members.

90.     Defendants breached their general duty of care to Representative Plaintiff and Class Members in, but not necessarily limited to, the following ways:

a.     by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PII and financial information of Representative Plaintiff and Class Members;

b.     by failing to timely and accurately disclose that Representative Plaintiff's and Class Members' PII and financial information had been improperly acquired or accessed;

c.     by failing to adequately protect and safeguard the PII and financial information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII and financial information;

d.  by failing to provide adequate supervision and oversight of the PII and financial information with which they were and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third-party to gather PII and financial information of Representative Plaintiff and Class Members, misuse the PII and intentionally disclose it to others without consent.

e.  by failing to adequately train their employees to not store PII and financial information longer than absolutely necessary;

f.  by failing to consistently enforce security policies aimed at protecting Representative Plaintiff's and the Class Members' PII and financial information;

g.  by failing to implement processes to quickly detect data breaches, security incidents, or intrusions; and

h.  by failing to encrypt Representative Plaintiff's and Class Members' PII and financial information and monitor user behavior and activity in order to identify possible threats.

91.    Defendants' willful failure to abide by these duties was wrongful, reckless, and grossly negligent in light of the foreseeable risks and known threats.

92.    As a proximate and foreseeable result of Defendants' grossly negligent conduct, Representative Plaintiff and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

93.    The law further imposes an affirmative duty on Defendants to timely disclose the unauthorized access and theft of the PII and financial information to Representative Plaintiff and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PII and financial information.

94.    Defendants breached their duty to notify Representative Plaintiff and Class Members of the unauthorized access by waiting months after learning of the Data Breach to notify Representative Plaintiff and Class Members and then by failing and continuing to fail to provide Representative Plaintiff and Class Members sufficient information regarding the breach. To date, Defendants have not provided sufficient information to Representative Plaintiff and Class Members regarding the extent of the unauthorized access and continue to breach their disclosure obligations to Representative Plaintiff and Class Members.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

95.     Further, through their failure to provide timely and clear notification of the Data Breach to Representative Plaintiff and Class Members, Defendants prevented Representative Plaintiff and Class Members from taking meaningful, proactive steps to secure their PII and financial information.

96.     There is a close causal connection between Defendants' failure to implement security measures to protect the PII and financial information of Representative Plaintiff and Class Members and the harm suffered, or risk of imminent harm suffered by Representative Plaintiff and Class Members. Representative Plaintiff's and Class Members' PII and financial information was accessed as the proximate result of Defendants' failure to exercise reasonable care in safeguarding such PII and financial information by adopting, implementing, and maintaining appropriate security measures.

97.     Defendants' wrongful actions, inactions, and omissions constituted (and continue to constitute) common law negligence.

98.     The damages Representative Plaintiff and Class Members have suffered (as alleged above) and will suffer were and are the direct and proximate result of Defendants' grossly negligent conduct.

99.     Additionally, 15 U.S.C. §45 (FTC Act, Section 5) prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect PII and financial information. The FTC publications and orders described above also form part of the basis of Defendants' duty in this regard.

100.     Defendants violated 15 U.S.C. §45 by failing to use reasonable measures to protect PII and financial information and not complying with applicable industry standards, as described in detail herein. Defendants' conduct was particularly unreasonable given the nature and amount of PII and financial information it obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiff and Class Members.

101.     As a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer injury, including but not

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PII and financial information is used; (iii) the compromise, publication, and/or theft of their PII and financial information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII and financial information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest, and recover from embarrassment and identity theft; (vi) the continued risk to their PII and financial information, which may remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect Representative Plaintiff's and Class Members' PII and financial information in their continued possession; (vii) and future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PII and financial information compromised as a result of the Data Breach for the remainder of the lives of Representative Plaintiff and Class Members.

102.    As a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

103.    Additionally, as a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer the continued risks of exposure of their PII and financial information, which remain in Defendants' possession and are subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the PII and financial information in their continued possession.

## SECOND CAUSE OF ACTION
### Breach of Implied Contract

104.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

105.    Through their course of conduct, Defendants, Representative Plaintiff, and Class Members entered into implied contracts for Defendants to implement data security adequate to safeguard and protect the privacy of Representative Plaintiff's and Class Members' PII and financial information.

106.    As part of this contract, Defendants required Representative Plaintiff and Class Members to provide and entrust to Defendant, *inter alia*, names, addresses, account number(s), credit score, and Social Security numbers.

107.    Defendants solicited and invited Representative Plaintiff and Class Members to provide their PII and financial information as part of Defendants' regular business practices. Representative Plaintiff and Class Members accepted Defendants' offers and provided their PII and financial information thereto.

108.    As a condition of being customers/members thereof, Representative Plaintiff and Class Members provided and entrusted their PII and financial information to Defendants. In so doing, Representative Plaintiff and Class Members entered into implied contracts with Defendants by which Defendants agreed to safeguard and protect such non-public information, to keep such information secure and confidential, and to timely and accurately notify Representative Plaintiff and Class Members if their data had been breached and compromised or stolen.

109.    A meeting of the minds occurred when Representative Plaintiff and Class Members agreed to, and did, provide their PII and financial information to Defendants, in exchange for, amongst other things, the protection of their PII and financial information.

110.    Representative Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendants.

111.    Defendants breached the implied contracts they made with Representative Plaintiff and Class Members by failing to safeguard and protect their PII and financial information and by failing to provide timely and accurate notice to them that their PII and financial information was compromised as a result of the Data Breach.

112.    As a direct and proximate result of Defendants' above-described breach of implied contract, Representative Plaintiff and Class Members have suffered (and will continue to suffer)

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   (a) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting

2   in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting

3   in monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data;

4   (d) the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other

5   economic and non-economic harm.

6

7                    **THIRD CAUSE OF ACTION**

         **Violation of the Washington State Consumer Protection Act**

8                 **(RCW 19.86.010 *et seq.*)**

9        113.   Each and every allegation of the preceding paragraphs is incorporated in this cause

10  of action with the same force and effect as though fully set forth herein.

11        114.   Representative Plaintiff and Class Members further bring this cause of action,

12  seeking equitable and statutory relief to stop the misconduct of Defendants, as complained of

13  herein.

14        115.   Defendants have engaged in unfair competition within the meaning of the

15  Washington State Consumer Protection Act, RCW 19.86.010 (the "CPA") because their conduct

16  was/is unlawful, unfair, deceptive and/or fraudulent, as herein alleged.

17        116.   Representative Plaintiff, the Class Members, and Defendants are each a "person" or

18  "persons" within the meaning of RWC 19.86.010(1).

19        117.   The knowing conduct of Defendants, as alleged herein, constitutes an unlawful,

20  deceptive, and/or fraudulent business practice, as set forth in the CPA. Specifically, Defendants

21  conducted business activities while failing to comply with the legal mandates cited herein. Such

22  violations include, but are not necessarily limited to:

23           a.    failure to maintain adequate computer systems and data security practices
                   to safeguard PII and financial information;

24

25           b.    failure to disclose that their computer systems and data security practices
                   were inadequate to safeguard PII and financial information from theft;

26           c.    failure to timely and accurately disclose the Data Breach to Representative
                   Plaintiff and Class Members;

27

28           d.    continued acceptance of PII and financial information and storage of other
                   personal information after Defendants knew or should have known of the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

security vulnerabilities of the systems that were exploited in the Data Breach; and

e.    continued acceptance of PII and financial information and storage of other personal information after Defendants knew or should have known of the Data Breach and before they allegedly remediated the Data Breach.

118.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard the PII and financial information of Representative Plaintiff and Class Members, deter hackers, and detect a breach within a reasonable time and that the risk of a data breach was highly likely.

119.    In engaging in these unlawful business practices, Defendants have enjoyed an advantage over their competition and a resultant disadvantage to the public and Class Members.

120.    Defendants' knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in Washington's CPA.

121.    Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and Class Members herein alleged, as incidental to their business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices ordinarily borne by responsible competitors of Defendants and as set forth in legislation and the judicial record.

122.    Representative Plaintiff and Class Members request that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing their unfair, unlawful, and/or deceptive practices and to restore to Representative Plaintiff and Class Members any money Defendants acquired by unfair competition, including restitution and/or equitable relief, including disgorgement of ill-gotten gains, refunds of moneys, interest, reasonable attorneys' fees, and the costs of prosecuting this class action, as well as any and all other relief that may be available at law or equity.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL (510) 891-9800

## FOURTH CAUSE OF ACTION
### Unjust Enrichment

123.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

124.    By their wrongful acts and omissions described herein, Defendants have obtained a benefit by unduly taking advantage of Representative Plaintiff and Class Members.

125.    Defendants, prior to and at the time Representative Plaintiff and Class Members entrusted their PII and financial information to Defendants for the purpose of purchasing services from Defendants, caused Representative Plaintiff and Class Members to reasonably believe that Defendants would keep such PII and financial information secure.

126.    Defendants were aware, or should have been aware, that reasonable consumers would have wanted their PII and financial information kept secure and would not have contracted with Defendants, directly or indirectly, had they known that Defendants' information systems were sub-standard for that purpose.

127.    Defendants were also aware that if the substandard condition of and vulnerabilities in their information systems were disclosed, it would negatively affect Representative Plaintiff's and Class Members' decisions to engage with Defendants.

128.    Defendants failed to disclose facts pertaining to their substandard information systems, defects, and vulnerabilities therein before Representative Plaintiff and Class Members made their decisions to make purchases, engage in commerce therewith, and seek services or information. Instead, Defendants suppressed and concealed such information. By concealing and suppressing that information, Defendants denied Representative Plaintiff and Class Members the ability to make a rational and informed purchasing decision and took undue advantage of Representative Plaintiff and Class Members.

129.    Defendants were unjustly enriched at the expense of Representative Plaintiff and Class Members. Defendants received profits, benefits, and compensation, in part, at the expense of Representative Plaintiff and Class Members.  By contrast, Representative Plaintiff and Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Members did not receive the benefit of their bargain because they paid for services that did not

2  satisfy the purposes for which they bought/sought them.

3  130.  Since Defendants' profits, benefits, and other compensation were obtained by

4  improper means, Defendants are not legally or equitably entitled to retain any of the benefits,

5  compensation or profits they realized from these transactions.

6  131.  Representative Plaintiff and Class Members seek an Order of this Court requiring

7  Defendants to refund, disgorge, and pay as restitution any profits, benefits and other compensation

8  obtained by Defendants from their wrongful conduct and/or the establishment of a constructive

9  trust from which Representative Plaintiff and Class Members may seek restitution.

10

11  **RELIEF SOUGHT**

12  **WHEREFORE,** Representative Plaintiff, individually, as well as on behalf of each

13  member of the proposed Class(es), respectfully requests that the Court enter judgment in

14  Representative Plaintiff's favor and for the following specific relief against Defendants as follows:

15  1.  That the Court declare, adjudge, and decree that this action is a proper class action

16  and certify the proposed class and/or any other appropriate subclasses under Washington Civil

17  Rule 23;

18  2.  For an award of damages, including actual, nominal, consequential, statutory, and

19  punitive damages, as allowed by law in an amount to be determined;

20  3.  That the Court enjoin Defendants, ordering them to cease and desist from unlawful

21  activities in further violation of Washington's Consumer Protection Act, RCW 19.86.010 *et seq.*

22  4.  For equitable relief enjoining Defendants from engaging in the wrongful conduct

23  complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiff's and

24  Class Members' PII and financial information, and from refusing to issue prompt, complete and

25  accurate disclosures to Representative Plaintiff and Class Members;

26  5.  For injunctive relief requested by Representative Plaintiff and Class Members,

27  including but not limited to, injunctive and other equitable relief as is necessary to protect the

28  interests of Representative Plaintiff and Class Members, including but not limited to an Order:

a.    prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

b.    requiring Defendants to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

c.    requiring Defendants to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiff's and Class Members' PII and financial information;

d.    requiring Defendants to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis;

e.    prohibiting Defendants from maintaining Representative Plaintiff's and Class Members' PII and financial information on a cloud-based database;

f.    requiring Defendants to segment data by creating firewalls and access controls so that, if one area of Defendants networks are compromised, hackers cannot gain access to other portions of Defendants' systems;

g.    requiring Defendants to conduct regular database scanning and securing checks;

h.    requiring Defendants to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PII and financial information, as well as protecting the PII and financial information of Representative Plaintiff and Class Members;

i.    requiring Defendants to implement a system of tests to assess their respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendants' policies, programs, and systems for protecting PII and financial information;

j.    requiring Defendants to implement, maintain, review, and revise as necessary a threat management program to appropriately monitor Defendants' networks for internal and external threats, and assess whether monitoring tools are properly configured, tested, and updated;

k.    requiring Defendants to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves.

6.    For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7.    For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    8.    For all other Orders, findings, and determinations sought in this Complaint.

2

3                                  **JURY DEMAND**

4        Representative Plaintiff, individually and on behalf of the Plaintiff Class, hereby demands

5    a trial by jury for all issues triable by jury.

6

7    Dated: October 26, 2022                    **BROTHERS SMITH LLP**

8

9                                    By: _____

10                                   Mark J. Hilliard, Esq., WSBA # 47138
                                     **BROTHERS SMITH LLP**
11                                   2033 N. Main Street, Suite 720
                                     Walnut Creek, CA 94596
12                                   Telephone:    (925) 944-9700
                                     Facsimile:    (925) 944-9701
13                                   Email:  mhilliard@brotherssmithlaw.com

14

15

16                                   Scott Edward Cole, Esq. (CA S.B. #160744) *
                                     Laura Van Note, Esq. (CA S.B. #310160) *
                                     Cody Alexander Bolce, Esq. (CA S.B. #322725) *
17                                   **COLE & VAN NOTE**
                                     555 12th Street, Suite 1725
18                                   Oakland, California 94607
                                     Telephone:    (510) 891-9800
19                                   Facsimile:    (510) 891-7030
                                     Email:  sec@colevannote.com
20                                   Email:  lvn@colevannote.com
                                     Email:  cab@colevannote.com

21

22

23        Attorneys for Representative Plaintiff

24        * (Pro Hac Vice forthcoming)

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800