1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOEL WOODARD,                                          Cause No. C23-0033RSL

                              Plaintiff,                        ORDER

              v.

BOEING EMPLOYEES CREDIT UNION., *et
al*.,

                              Defendants.

This matter comes before the Court on plaintiff's *ex parte* "Motion for Admission *Pro Hac Vice* and for Limited Exemption from Local Counsel Rule." Dkt. # 11. Pursuant to Local Civil Rule 83.1(d)(1), an attorney who neither resides nor maintains an office for the practice of law in this district may, upon application and a showing of a particular need, appear and participate in the case *pro hac vice*. The client must, however, also be represented by local counsel who has a physical office within the boundaries of the district and is admitted to practice before this Court. Local counsel has discrete and specific duties, all of which require familiarity with the local rules and the judges of this district. LCR 83.1(d)(2).

Plaintiff argues that counsel who does not satisfy the physical office requirement should be permitted to act as local counsel because the case was removed from state court, where attorney Mark J. Hilliard of Walnut Creek, California, had already been retained to act as local

ORDER - 1

counsel for Scott E. Cole and Cody A. Bolce of Oakland, California. The fact that plaintiff did not choose to litigate in this venue places her on the same footing as virtually every defendant: it is not a justification for ignoring the physical office requirement. This district is committed to maintaining a high degree of professionalism and civility among the lawyers practicing here and requires local counsel to remind *pro hac vice* counsel of their obligations, to review and sign all filings, to ensure that all filings comply with the local rules of this Court, and to be available and prepared to handle hearings and conferences if out-of-district counsel are unable to be present on the date scheduled by the Court. LCR 83.1(d)(2). Counsel who do not regularly practice in the Western District of Washington and do not maintain an office here may not fully comprehend the magnitude of their responsibilities and may not be well-placed to serve the functions assigned to local counsel.

Plaintiff also suggests that she will be prejudiced if her chosen attorneys are not permitted to represent her in this case. This argument would effectively abrogate the local rule if adopted. The Court declines to do so. Mr. Cole and Mr. Bolce simply need to associate themselves with counsel who meets the requirements of LCR 83.1 to be permitted to appear in this case. They offer no justification (such as Mr. Hilliard's long-standing relationship with the client and the matters to be litigated or the unavailability of qualified, unconflicted practitioners in this district) for a waiver of those requirements.

//

ORDER - 2

1       For all of the foregoing reasons, the motion to waive the physical office requirement

2 (Dkt. # 11) is DENIED.

3

4

5      Dated this 30th day of January, 2023.

6

7

8                       Robert S. Lasnik

9                       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

23

25

26

27

28

ORDER - 3