UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOEL WOODARD, individually and on behalf of all others similarly situated,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BOEING EMPLOYEES CREDIT UNION, KAYE-SMITH ENTERPRISES INC, and DOES 1-100,<br>　　　　　　　Defendants. | CASE NO. 2:23-cv-00033<br><br>ORDER TRANSFERRING CASE TO DISTRICT OF OREGON |

Plaintiff Noel Woodard filed this putative class action against Defendants Boeing Employees' Credit Union ("BECU") and Kaye-Smith Enterprises on October 26, 2022, alleging damages caused by a data breach and unauthorized access to her personally identifiable information. Some 20 days earlier, Richard Smith filed a putative class action against Kaye-Smith stemming from the same data breach in U.S. District Court for the District of Oregon in *Smith et. al. v. Kaye-Smith Enters., Inc.*, 3:22-cv-01499-AR (D. Or.) (referenced here as the "*Smith Lawsuit*").

Smith now moves for limited intervention in this action, arguing Woodard's case should be stayed or transferred to the District of Oregon under the "first-to-file rule," which permits district courts to decline jurisdiction over an action when a complaint involving essentially the

- 1

same parties and issues has already been filed in another district. Smith makes a good point, and for the reasons explained below, the Court GRANTS his motion and transfers this action to the District of Oregon.

## BACKGROUND

BECU's printing vendor, Kaye-Smith, experienced a data breach in June 2022 that affected thousands of BECU customers. BECU notified its customers, like Woodard and Smith, of the data breach. Woodard and Smith each filed a putative class action on behalf of themselves and other BECU members who were impacted by the June 2022 data breach incident involving data stored by Kaye-Smith. Smith and Woodard had both previously filed putative class actions against BECU for the same incident that they voluntarily dismissed. *See Smith v. Boeing Emps.' Credit Union,* Case No. 2:22-cv-1234 (W. Dist. Wash.), ECF No. 20; *Woodard v. Boeing Emps.' Credit Union*, Case No. 2:22-cv-1093 (W.D. Wash.), ECF No. 15.

On October 6, 2022, Smith filed his current action against Kaye-Smith Enterprises in the District of Oregon, on behalf of a nation-wide class of impacted individuals. *Smith Lawsuit*, Dkt. No. 1. Smith defined the proposed class as follows:

> All persons residing in the United States whose personally identifiable information Kaye-Smith obtained, stored, and/or shared and which was exposed to an unauthorized party as the result of the data breach referenced in BECU's correspondence to Plaintiff Smith dated July 25, 2022.

*Smith Lawsuit*, Dkt. No. 1 at 17.

On October 26, 2022. Woodard filed this action against both BECU and Kaye-Smith Enterprises, on behalf of a class of individuals residing in the State of Washington. Dkt. No. 1. Woodard defines her proposed like this:

> All individuals within the State of Washington whose PII and/or financial information was exposed to unauthorized third-parties as a result of the data breach reference in BECU's letter to Plaintiff Woodard dated July 25, 2022.

ORDER TRANSFERRING CASE TO DISTRICT OF OREGON - 2

Dkt. No. 1-1 at 7.

On January 6, 2023, Magistrate Judge Armistead for the District of Oregon appointed Smith's counsel as interim class counsel in the *Smith Lawsuit*. *Smith Lawsuit,* Dkt. No. 28.

On April 13, 2023, Smith moved to intervene and to transfer or stay this action. Dkt. No. 29. Defendant Kaye-Smith does not oppose the motion. Dkt. No. 33. But Woodard opposes Smith's request. Dkt. No. 34. And so does Defendant BECU. Dkt. No. 35.

## DISCUSSION

Smith argues that he has a right to intervene in the *Woodard* case under Fed. R. Civ. P. 24(a)(2) or, in the alternative, that he should be granted permissive intervention under Fed. R. Civ. P. 24(b)(1).

**I. Limited intervention.**

    **A. Intervention as a matter of right.**

A nonparty has a right to intervene under Rule 24(a)(2) "when it (i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022). "In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010). The proposed intervenor bears the burden of showing that all requirements have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The application for intervention as of right cannot be granted if even one of these elements is not met. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

The Court need not analyze each element because it finds that Smith does not satisfy the third and fourth factors. Under the third factor for intervention as a matter of right, the proposed intervenor "must be situated such that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interests." *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1151–52 (9th Cir. 2010).

Woodard argues that even if Smith has a protectable interest in the action, he does not need to intervene to protect his interest. She asserts that he has other options to protect his interests, such as filing a motion for consolidation or objecting to a settlement. The Court agrees. Smith's interests will not be impaired absent intervention. If the parties reach a class action settlement, Smith may raise any concerns as an objector. *See* Fed. R. Civ. P. 23(e)(5) ("Any class member may object to the proposal if it requires court approval…."). The Court will hear his objections at that time. Moreover, before a district court approves a proposed class action settlement, the court must conclude that the settlement is "fair, reasonable, and adequate" and that the plaintiffs and class counsel have "adequately represented the class." Fed. R. Civ. P. 23(e)(2). So there is another mechanism built into the class action procedure to protect Smith's interests.

Under the fourth factor—whether the proposed intervenor would be represented adequately by the existing parties—courts consider whether "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998).

Here, Smith and Woodard have filed substantially similar actions against Kaye-Smith seeking similar relief. Indeed, Smith falls within the class definition proposed by Woodard and

they have the same interests in the outcome of any action against Kaye-Smith. Smith fails to point to a specific and distinct difference in interests. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) ("If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises."). Smith also does not point to any evidence that Woodard or her counsel are inadequate.

Smith argues that the Court's analysis is irrelevant because District of Oregon Magistrate Judge Armistead has already appointed his counsel as interim class counsel. But this is only an argument and Smith provides no legal authority in support of his claim. Because Smith does not meet the test as defined by the Ninth Circuit for intervention as a matter of right, the Court will end its analysis there.

**B. Permissive intervention.**

Although Smith has not demonstrated that he is entitled to intervention as a matter of right, the Court is convinced that Smith should be permitted to intervene permissibly because he satisfies the requirements of Rule 24(b)(1)(b). Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). "On timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

First, the Court has diversity jurisdiction over Smith's case under 28 U.S.C. § 1332(d)(2) because (a) there are 100 or more Class members, (b) intervenor is a citizen of a state that is diverse from Defendant's citizenship, and (c) the matter in controversy exceeds $5,000,000,

ORDER TRANSFERRING CASE TO DISTRICT OF OREGON - 5

exclusive of interests and costs. *See Smith Lawsuit*, Dkt. No. 1 at ¶¶ 11–12. The Court finds that the jurisdiction requirement is satisfied.

Next, Smith has timely filed his motion to intervene. Although the Court must be stricter in its application of the timeliness factors for permissive intervention than it is for intervention as of right, timeliness is not an issue here. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). Smith filed his motion to intervene early enough in the litigation that neither party will be prejudiced.

Finally, Smith's claims have questions of law and fact in common with Woodard's. Indeed, Smith's interests arise from an identical nucleus of facts. Both Smith and Woodard seek to hold Kaye-Smith liable for the data breach that impacted their personally identifiable information. The cases also have some overlapping claims.

Smith meets the requirements for permissive intervention. The Court will allow Smith to intervene for the limited purpose of his request to either transfer this case to the District of Oregon or to stay this case pending resolution of the *Smith Lawsuit*.

**II. First-to-file rule.**

Smith seeks to invoke the first-to-file rule, asking the Court to either transfer this case to be consolidated with the first-filed *Smith Lawsuit* or to stay this case pending resolution of the *Smith Lawsuit*. The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "The purpose of the rule is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister

court's authority, and to avoid piecemeal resolution of issues calling for a uniform result." *Pecznick v. Amazon.com, Inc.*, No. 2:22-CV-00743-TL, 2022 WL 4483123, at *2 (W.D. Wash. Sept. 27, 2022) (citation omitted).

In determining whether to apply the first-to-file rule, courts consider the (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

First, the *Smith Lawsuit* was the first-filed case. Next, the parties do not contest that plaintiffs in both suits are similarly situated and that their proposed class definitions have substantial overlap. *See Ctr. v. Pompeo*, No. C18-1122JLR, 2018 WL 6523135, at *5 (W.D. Wash. Dec. 12, 2018) ("In the context of class actions, a court should compare the putative classes, rather than the named plaintiffs, to determine whether the classes encompass at least some of the same individuals."). The putative class of Washington residents in this case is subsumed within the putative nationwide class of individuals proposed in the *Smith Lawsuit*. In other words, Woodard's proposed class is a subset of the class that Smith seeks to represent.

The addition of BECU as a Defendant "does not *necessarily* allow [the] later-filed action to evade the first-to-file bar." *Cho v. Surgery Partners, Inc.*, 30 F.4th 1035, 1043 (11th Cir. 2022). Courts have "found non-identical defendants to be substantially similar" when the "actions have generally involved multiple defendants with at least some overlapping defendants in each suit." *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 5815745, at *6 (W.D. Wash. Sept. 30, 2020) (citing *Bewley v. CVS Health Corp.*, No. C17-802RSL, 2017 WL 5158443, at *2 (W.D. Wash. Nov. 7, 2017)). The Court finds that the plaintiff and defendants in this case are substantially similar to those in the *Smith Lawsuit*. The addition of BECU in Woodard's case does not restrict the Court from applying the first-to-file rule.

Finally, the issues are also "substantially similar." *See Kohn Law Grp.*, 787 F.3d at 1240 ("The issues in both cases also need not be identical, only substantially similar."). This means that the issues do not have to be identical, only that there is "substantial overlap" between the two suits. *Id.* Both lawsuits address the same single data breach of Kaye-Smith's servers. The claims are based on the same facts and similar legal theories. Woodard raised concerns regarding joint and several liability because BECU is not a defendant in the *Smith Lawsuit*. Notably, only a limited number of claims currently remain against BECU in Woodard's lawsuit. *See* Dkt. No. 46. Regardless Woodard's concerns regarding joint and several liability do not prevent the application of the first-to-file rule. The Court leaves it to the discretion of the District of Oregon to resolve any issues concerning joint and several liability to the extent they arise.

The Court will apply the first-to-file rule in this case. Thus, the only remaining question is whether this case should be stayed or transferred. The Court finds that transfer of this case to the District of Oregon would best serve the interest of justice and efficiency. Given the similarity of the parties and issues, a transfer of this action will eliminate the risk of inconsistent rulings and serve the principles of efficiency, economy, and comity by avoiding duplicate and inefficient actions proceeding in separate districts. Whether the cases should be consolidated will be left to the District of Oregon's sound discretion.

## CONCLUSION

For the reasons set forth above, Smith's motion for leave for limited intervention to transfer or stay action (Dkt. No. 29) is GRANTED. Smith is GRANTED limited intervention pursuant to Fed. R. Civ. P. 24(b)(1)(b). Woodard's case and all pending motions are TRANSFERRED to the District of Oregon.

Dated this 28th day of July, 2023.

_____
Jamal N. Whitehead
United States District Judge